CORNELIUS M. VAN LEUVEN, Respondent, *v.* THE FIRST
NATIONAL BANK OF KINGSTON, Appellant.

A national bank can properly and legally engage in the business of dealing
in and exchanging government securities.

(Argued June 18, 1873; decided September term, 1873.)

THIS was an action to recover the value of certain United
States treasury 7–30 notes to the amount of $1,000, alleged to
have been delivered to defendant to be exchanged for 5–20
bonds.

The dealing in and exchange of government securities was
part of defendant's business; J. H. Hasbrouck was its presi-
dent and managing officer. Plaintiff had deposited in its
vaults treasury 7–30 notes to the amount of $10,000. He
went to the bank and found Hasbrouck in the room occupied
by him as president and told him he desired to exchange his
notes for 5–20 bonds. Hasbrouck said: "We will do it
* * * , we are doing it for a great many," and advised
plaintiff that, as he was a regular customer of the bank, they
would charge nothing for doing it. The notes were, there-
upon, taken from the bank vault and plaintiff delivered them
to Hasbrouck, who gave a receipt, therefor using paper
belonging to the bank and used in its business, with a printed
heading, stating, in brief, the nature of its business, and giving
the names of its officers, among others of Hasbrouck as its
president. The certificate read thus:

"This is to certify that I have received from C. F. Van
Leuvan U. S. 7–30 notes, $10,000, which I am to exchange
for same amount of U. S. 5–20 bonds and deliver to him.

"10,000." J. H. HASBROUCK."

It appeared, on the part of defendant, that before the
organization of defendant as a bank, Hasbrouck was doing
business as a private banker, and that plaintiff then dealt with
him in reference to bonds. It also appeared that, prior to the
transaction above stated, plaintiff at one time went to the
bank and inquired for Hasbrouck, who was out. He then

inquired of the cashier in reference to certain bonds which he said were in the bank vault, and showed the cashier a receipt signed by Hasbrouck, the precise form of which did not appear; the cashier informed him that it was the individual business of Hasbrouck, with which the bank had nothing to do.

The court, upon these facts, directed a verdict for plaintiff. *Held* (REYNOLDS and JOHNSON, CC., dissenting), no error; that the receipt being given as a part of the transaction and as a voucher merely, and no evidence appearing of an intent to alter the effect of what had been before said, imported simply, when read in the light of the surrounding circumstances, a transaction with the bank, and that it mattered not how Hasbrouck understood it, but the question was how plaintiff did and had the right to understand it; also *held*, that the dealings between Hasbrouck and plaintiff, before the former became defendant's financial officer, were immaterial, as was also the evidence in regard to the prior receipt.

That the business of exchanging government securities was such as a national bank, through its officers, could properly and legally engage in, was held in the prevailing opinion, and was concurred in by all.

*F. L. Westbrook* for the appellant.

*Samuel Hand* for the respondent.

EARL, C., reads for affirmance.
LOTT, Ch. C., and GRAY, C., concur.
REYNOLDS and JOHNSON, CC., read for reversal.
Judgment affirmed.