DUNCAN v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

1. **Railroads:** PLEADING: COMPLAINT: FENCES. A complaint which alleges that a railroad company failed to maintain lawful fences, cattle guards, gates and openings along the sides of its road states, and attempts to state, but one cause of action, and proof of failure to maintain any one, with proof of the other necessary averments, will entitle plaintiff to recover.

2. ———: FENCES AND GATES, REASONABLE TIME TO REPAIR. The

Duncan v. The St. Louis, Iron Mountain & Southern Ry. Co.

doctrine that a reasonable time must elapse after a gate or fence gets out of repair, in which a railroad company may discover its condition, does not apply to a case where the gate never had such a fastening as the law required.

3 ———: FENCES AND GATES : KILLING STOCK.  The statute expressly requires a railroad company to fence along uninclosed lands, and it is no defence to an action for killing plaintiff's horse that it strayed away from him onto such lands, and thence through defendant's gate onto its track, or that the gate was at a private crossing.

*Appeal from Madison Circuit Court.*—HON. J. D. FOX, Judge.

AFFIRMED.

*T. J. Portis* and *Smith, Silver & Brown* for appellant.

(1) The circuit court erred in its refusal of defendant's motion to require the plaintiff to elect on which cause of action stated in his complaint he would proceed to trial; that is to say, whether for a failure on the part of defendant to erect and maintain lawful fences on the sides of its railroad, or a failure to erect and maintain proper cattle guards. R. S., sec. 3512; Bliss on Code Plead., sec. 125; *Mooney v. Kennett,* 19 Mo. 551; *Otis v. Bank,* 35 Mo. 128; *Christal v. Craig,* 80 Mo. 367. This is a penal action, and hence there is even greater strictness of construction, as to the *allegata,* required than in ordinary cases. *Manz v. Railroad,* 87 Mo. 278. (2) The first instruction asked by the defendant should have been given. *Binicker v. Railroad,* 83 Mo. 660; *Laney v. Railroad,* 83 Mo. 466; *Harrington v. Railroad,* 71 Mo. 384; *Redmore v. Railroad,* 81 Mo. 227. The second instruction asked by defendant was the law, and should have been so declared. *Harrington v. Railroad,* 71 Mo. 384; *Berry v. Railroad,* 65 Mo. 172. (3) It must needs follow, from the foregoing considerations, that the defendant's third instruction should have been given. *Harrington v. Railroad,* 71 Mo. 384; *Johnson v. Railroad,* 80 Mo. 624

*Robt. Anthony* and *E. D. Anthony* for respondent.

(1) Only one cause of action was alleged in the complaint. There must be a separate assessment of damages for each cause of action. There could be only one assessment in this case. Plaintiff simply alleged in full the failure on the part of defendant to comply with Revised Statutes, section 809. He is required to make such allegation or his petition would be defective. Cattle guards and gates are a part of the lawful fence contemplated by the law. R. S., sec. 809 ; *Morrow v. Railroad,* 74 Mo. 82 ; *Revelle v. Railroad,* 74 Mo. 438 ; *Hudgens v. Railroad,* 79 Mo. 418. (2) The first instruction asked by defendant was properly refused, under the evidence. This gate never had proper latches or hooks. The law does not allow the company to use, as a fastening, a rail or a stick, which will permit the gate to be blown open by every north wind. R. S., sec. 809. (3) The second instruction asked by the defendant was not the law, and was properly refused by the court. The animal had a right to be on the commons onto which this gate opened. The gate at this point was a part of the fence, and it was the duty of the company to maintain a lawful fence at this point, with gates, openings, etc. R. S., sec. 809 ; *Binicker v. Railroad,* 83 Mo. 660 ; *Peddicord v. Railroad,* 85 Mo. 160 ; *Harrington v. Railroad,* 71 Mo. 384 ; *Berry v. Railroad,* 65 Mo. 172. (4) The third instruction asked by the defendant was not the law. Although gates at private farm crossings are made for the benefit of adjoining land owners, yet, if a stranger's animal get through them, because of the neglect of the company, from a field or commons where the animal has a right to be, then the company is liable to such stranger in double damages. *Binicker v. Railroad,* 83 Mo. 660 ; *Johnson v. Railroad,* 80 Mo. 621. (5) The evidence was sufficient. Direct evidence is not required. *Gee v. Railroad,* 80 Mo. 281. (6) Plaintiff's statement of his

cause of action is sufficient. *Marrett v. Railroad*, 84 Mo. 413.

BLACK, J.— 1. The plaintiff's mare got upon the defendant's road through a gate in defendant's fence, along the road where it passes through unenclosed lands, and was injured by the cars. The complaint states that the defendant failed to maintain lawful fences, cattle guards, gates, and openings, etc. ; and the defendant moved to require plaintiff to elect upon which cause of action he would proceed. There is but one cause of action stated, or attempted to be stated, in the complaint. The plaintiff may allege a failure to maintain fences and cattle guards, and proof of either, with proof of the other necessary averments, will entitle him to recovery.

2. Defendant's first refused instruction is, in substance, that if the gate was closed and fastened with a rail the night before the mare got on the road, and during the night was opened by some person or means, then, before the plaintiff can recover, the evidence must show that sufficient time elapsed, after the gate was opened and before the mare got on the track, in which defendant, by the use of reasonable care, could have discovered that the gate was open. One witness says, the gate was closed in the evening when he went to town, but was open when he came back, and he then saw the animal in her injured condition ; this witness and all the others agree that the gate never had any latch, hook, or other fastening on it, until after the animal was injured ; that it was open nearly all the time ; sometimes it was fastened with a rail or stick, but neither would prevent it from being blown open by the wind ; that the section men worked at or near the place time and again. The law provides that these gates shall have latches or hooks. A rail or stick laid over the top of the gate, as seems to have been done in this case, occasionally, is no compliance with the law at all. The gate, then, never had any

fastening such as the law requires, and the doctrine that a reasonable time must elapse after the gate or fence gets out of repair, in which the defendant may discover its condition, has no application to the case. Again, there is but one conclusion to be drawn from the evidence, and that is, that the gate got open for want of a suitable fastening. There was no evidence upon which to base the instruction.

3. The statute expressly requires the defendant to fence along unenclosed lands. Although the mare strayed away from plaintiff's premises and got upon these commons, and thence through the gate on the road, still these facts constitute no defence whatever, and the second instruction was properly refused. Nor does the fact that the gate was at a private crossing help the defendant.

Judgment affirmed. All concur.