THEODORE F. WOODS, Respondent, v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, December 5, 1892

1. **Railroads:** KILLING STOCK: PLEADING: FENCES AND CATTLE-GUARDS: ELECTION. In an action for killing stock brought under section 2611, Revised Statutes, 1889, the plaintiff may allege a failure to maintain fences with openings and gates therein and to maintain cattle-guards, and proof of either with proof of the other necessary allegations will authorize a recovery, and there is but one cause of action stated.

2. ——: ——: GATES. Gates are a part of the fence, and it is the statutory duty to keep them in repair, which necessarily includes the duty to keep them safely and securely closed.

3. ——: ——: EVIDENCE OF SUBSEQUENT REPAIRS. Evidence of subsequent repairs of a gate by defendant is competent to show it was defendant's duty to repair, and if defendant wants it confined to that issue he should ask an instruction so confining it.

4. ——: ——: EVIDENCE OF ENTRY ON TRACK. That plaintiff's injured stock entered upon defendant's track through its defective fence may in this case be fairly inferred from all the surrounding circumstances which the evidence tends to establish.

*Appeal from the Howard Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*Jackson & Montgomery*, for appellant.

(1) The complaint improperly joins two causes of action in one count. By section 2611 of the Revised Statutes, two distinct and separate duties are imposed. The breach of one of these duties is not a breach of the other, and gives a different cause of action from that arising out of a breach of the other. They should, therefore, be separately pleaded. (2) The court erred in admitting evidence as to the condition of the gate, because there was no charge in the complaint of any defect in the same, or of any injury or damage resulting from such defect, and because there was no evidence in any manner connecting the condition of the gate with the killing of plaintiff's animals. (3) The court erred in admitting evidence of repairs made on the gate after the accident complained of. *Alcorn v. Railroad*, 18 S. W. Rep. 188. (4) The demurrer to the evidence should have been sustained. There was no proof as to the place where the animals got on the track, and in the absence of such proof the presumption is that they

got on at the place where they were killed. *Lanitz v. Railroad,* 54 Mo. 228; *Walther v. Railroad,* 55 Mo. 271; *Jantzen v. Railroad,* 83 Mo. 171; *Duke v. Railroad,* 39 Mo. App. 105; *Kinion v. Railroad,* 39 Mo. App. 387.

*Sam. C. Major,* for respondent.

SMITH, P. J.—This was an action commenced before a justice of the peace to recover damages under section 2611, Revised Statutes, for killing of plaintiff's horses. There was a trial in the circuit court which resulted in judgment for plaintiff, from which defendant has appealed.

The defendant for the first ground of its appeal alleges that the plaintiff's statement improperly joins two causes of action in one count. There was no motion filed to require the plaintiff to elect on which cause of action he would proceed to trial, as in *Duncan v. Railroad,* 91 Mo. 67, but this becomes unimportant since the complaint, in stating "that the coming of plaintiff's said animals upon said railroad, and the striking and killing of said animals by the engine and cars of the defendant, was occasioned by the failure of defendant to construct and maintain lawful fences, openings, gates, cattle-guards and farm crossings at the place where said animals went upon said railroad," according to the ruling of the supreme court in the case just cited, did not state or attempt to state but one cause of action. The plaintiff may allege a failure to maintain fences with openings and gates therein and to maintain cattle-guards, and proof of either with the proof of the other necessary allegations will authorize a recovery. *Ray v. Railroad,* 25 Mo. App. 104.

The section of the statute on which this action is based, requires railroad companies to maintain fences with openings and gates therein. These gates are part

of the fence, and it is the statutory duty of the railroad company to keep the same in repair, which necessarily includes the duty to keep them safely and securely closed, so as to afford equal protection from stock getting upon their roads at such places as at other points. *West v. Railroad*, 26 Mo. App. 344; *Morrison v. Railroad*, 27 Mo. App. 418.

The gate being part of the fence, there was no error committed by the court in permitting the plaintiff to introduce evidence to show that it was defective and out of repair. A defect in the gate was a defect in the fence.

The defendant further urges that the trial court erred in permitting the plaintiff to prove that, on the day following the killing of the plaintiff's stock, the defendant "put in new gateposts and fixed up the gate, and put a new latch on it." There was no error committed by the court in this ruling. While this evidence was not admissible for the purpose of showing past negligence on the part of defendant, it was admissible for the purpose of showing that the defect was one which the defendant was bound to repair. *Mitchell v. Plattsburg*, 33 Mo. App. 555; *Bowles v. Kansas City* (decided at present term); *Brennan v. St. Louis*, 92 Mo. 482; *Ely v. Railroad*, 77 Mo. 34; *Hipsley v. Railroad*, 88 Mo. 349; *Alcorn v. Railroad*, 18 S. W. Rep. 188. If the defendant had desired the evidence restricted to the purpose alone for which it was admissible, it should, as it did not, have taken the precaution to have asked an instruction for that purpose.

And as to the further complaint that the trial court erred in overruling the defendant's demurrer to the evidence, it may be stated that a careful exploration of it has convinced us to the contrary. While there is no direct evidence that the plaintiff's stock entered through the defective fence, yet we are of the opinion that this

fact may be fairly inferred from all the surrounding circumstances which the evidence tended to establish in the case.

We think the finding of the circuit court was warranted by the evidence, and so order the judgment thereon affirmed. All concur.