JAS. R. FREET, Defendant in Error, v. KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILROAD COMPANY, Plaintiff in Error.

Kansas City Court of Appeals, November 18, 1895.

1. **Trial Practice**: DIFFERENT COUNTS: ELECTION. Where one and the same cause of action are stated in different counts, while the court may strike either one of them out, its refusal to compel the plaintiff to elect on which count he will go to trial is not reversible error.

2. **Justices' Courts**: STATEMENT FOR KILLING STOCK: RAILROADS. In an action in a justice's court for killing stock by a railroad, if the statement in its entirety alleges all the essential facts, it will be regarded sufficient, however inartistic.

3. ——: ——: ——: CURED BY VERDICT.  In an action in a justice's court for killing stock by a railroad, if a statement is defective in not alleging that the killing happened at a *necessary* farm crossing and no objection be made before trial, such defect will be cured by verdict.

4. Railroads: KILLING STOCK: EVIDENCE: DEMURRER.  *Held*, the evidence in this case justified the inference that the horses escaped through the defendant's gate by reason of an insufficient fastening, and a demurrer was properly overruled.

5. ——: ——: GATES: DOUBLE DAMAGES.  The gates are part of a railroad fence and are to be kept in repair as part thereof; and double damages are recoverable for failure to so maintain them.

6. ——: ——: FARM CROSSING: QUESTION FOR A JURY.  The question of the necessity of a farm crossing is a mixed one of law and fact and should not be submitted to the jury without proper instruction.

7. ——: ——: ——: ——: INSTRUCTIONS.  In this case defendant did not put the necessity of a crossing in issue as it had made and maintained the crossing for years; and if the instruction assumed such necessity, it did so on uncontroverted evidence.

*Error to the Atchison Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*Lewis & Ramsay* and *Spencer & Mosman* for plaintiff in error.

(1)  The petition contained no statement or allegation showing the facts from which it might be inferred that this injury happened at a necessary farm crossing.  This averment is absolutely essential under the statute.  It is a jurisdictional fact.  The defendant is only required to put in gates at such farm crossings as are necessary.  The plaintiff's evidence, however, affirmatively showed that his own crossing was within one hundred and twenty steps of this one and this crossing was entirely unnecessary.  We therefore say that

the petition failed to allege the facts necessary to give rise to the duty on the part of the defendant. *Field v. Railroad*, 76 Mo. 614. And we further say that the plaintiff's own evidence proved that the duty could not arise in this case. (2) There was no evidence which would justify the jury in finding that the defendant had been guilty of negligence in consequence of which the gate became open. If plaintiff could discover nothing wrong with the gate, surely the section men, had they been there at that time, would have seen nothing that would require them to take additional precaution. *Ridinore v. Railroad*, 81 Mo. 230, 231. (3) We contend that under the evidence, the finding of negligence is wholly unwarranted. How the gate came open no one knows. That it was open on account of defendant's negligence was pure conjecture. A jury can only find a party guilty of negligence by reasoning in the usual and ordinary way, in accordance with common sense and the usual and known relation of things. *Callahan v. Warne*, 40 Mo. 136; *Bothwell v. Railroad*, 59 Iowa, 192; *Fitterling v. Railroad*, 79 Mo. 504–509; *Moore v. Railroad*, 28 Mo. App. 622; *Glick v. Railroad*, 57 Mo. 97. (4) Gates are put in solely for the accommodation of the owner of the adjacent land. It is reasonable and just that he should be charged with some degree of care in respect to keeping them closed. *Box v. Railroad*, 58 Me. 359. (5) We contend that the statute does not permit the court to double the damages found by the jury, where the injury to the stock results from a failure on the part of the railway company to construct or maintain a gate. (6) The defendant's motion to compel plaintiff to elect on which one of the two counts of his petition he would go to trial, should have been sustained. (7) Instruction 1 assumed that this crossing was a necessary farm crossing. Whether that was a necessary farm crossing is a jury question. Without

proof that this was a necessary farm crossing, it can not be said that the statute required gates at that point nor—if gates were in fact put in—can it be said that the statute required it to be hung, or to have a latch or hook upon it.

*Hunt & Bailey* for defendant in error.

(1) The statement is sufficient and has been repeatedly held good by the higher courts of this state; the statute nowhere says that you must specifically allege that the injury happened at a necessary farm crossing, and we do not think that allegations are essential to give the court jurisdiction. 1 R. S. 1889, p. 659, sec. 2611; *Radcliffe v. Railroad*, 90 Mo. 127; *Briscoe v. Railroad*, 25 Mo. App. 469; *Tickle v. Railroad*, 90 Mo. 296; *Vail v. Railroad*, 28 Mo. App. 372. We alleged the three essentials to recovery, and proved them. *Tayler v. Railroad*, 28 Mo. App. 556; *McIntosh v. Railroad*, 26 Mo. App. 377; *Mayfield v. Railroad*, 91 Mo. 296. (2) The plaintiff's evidence shows that this particular gate was put in for a crossing for him. The company must keep fence and gate in repair. *West v. Railroad*, 26 Mo. App. 344; *Duncan v. Railroad*, 91 Mo. 67. The allegations in the petition that the defendant failed to construct gates and cattle guards; proof of one is sufficient and it does not state two causes of action. *Lainger v. Railroad*, 41 Mo. App. 165. (3) We think the plaintiff is chasing a sunbeam when it seriously attempts to raise a jurisdictional point in this case. *Emmerson v. Railroad*, 35 Mo. App. 621; *Kinion v. Railroad*, 39 Mo. App. 372; *Dale v. Railroad*, 39 Mo. App. 105. (4) The evidence does not only show negligence, but, we think, willful negligence. *Cooper v. Railroad*, 39 Mo. App. 489. (5) The gate is a part of the fence. *Morrison v. Railroad*, 28

Mo. App. 418; *Banett v. Railroad*, 68 Mo. 56; *Snyder v. Railroad*, 73 Mo. 465 and 470. (6) What is a reasonable time to fix or repair the fence? *Clardy v. Railroad*, 73 Mo. 576. The plaintiff in error is liable after a reasonable time has elapsed. *Vinyard v. Railroad*, 80 Mo. 92; *Williams v. Railroad*, 80 Mo. 597; *Kaes v. Railroad*, 6 Mo. App. 397. (7) As to double damages. *Gordon v. Railroad*, 44 Mo. App. 201.

SMITH, P. J.—This is an action which was commenced before a justice of the peace, to recover damages, under section 2611, Revised Statues, for injuries to two mares and a horse, the property of the plaintiff. The statement contained two counts. The second was a substantial duplicate of the first. There was probably some slight and unimportant difference in the language employed in alleging the injury, but that was all. Each count alleged every fact under the statute necessary to constitute a cause of action, unless the omission to allege, in the language of the statute, that defendant failed to maintain the gates therein required at *necessary farm crossings*, was fatal. Except for the omission of this word "necessary," no objection could be urged to either count.

When the cause reached the circuit court, the defendant filed a motion requiring the plaintiff to elect on which count he would proceed, but this was overruled. As both counts of the statement alleged the same cause of action, under the statute the court might with propriety have sustained the motion, or have stricken from the statement either one of the counts. But, since the proof required to sustain the allegations of the one would sustain the other, and since there was but one cause of action tried, we are unable to discover that the defendant suffered any injury by the overruling of the motion.

In actions of this kind, commenced before justices of the peace, if the statement in its entirety alleges all the essential facts necessary to constitute a cause of action, it will be regarded as sufficient, however bungling and inartistic it may be in allegation. Needless and superfluous allegations will be regarded as no more than harmless surplusage.

The defendant now objects that the statement is defective because it does not allege that the injury happened at a *necessary farm crossing*. This imperfection, the objection being made for the first time after verdict, is cured by the provisions of section 2113, Revised Statutes.

A thorough examination of all the evidence adduced has not convinced us that the trial court erred in refusing the defendant's instruction in the nature of a demurrer to the evidence. The undisputed evidence tended to prove that the plaintiff's horses strayed through a gate, which the defendant had many years previously erected for the use of the plaintiff, at a point where defendant's road passed through plaintiff's cultivated fields, and from thence they strayed upon defendant's railway track, where they were struck and injured by a passing train. The gate was old and greatly out of repair. One of the posts and a hinge of the gate were loose. The appliances for fastening the gate were a hook and staple, but these could not be used on account of the condition of the post on each side of the gate. The defendant knew of the insecure condition of the gate and the posts. Its section man, who passed along there every day, saw its condition of insecurity. He furnished a piece of wire which was used by him and the plaintiff in fastening the gate. The evening the plaintiff's horses were turned through the gate into his field, it was fastened with the wire, but this wire proved insufficient to hold it in its place,

for some time during the following night the gate came
open and the plaintiff's horses passed through it.
There was no such gate and fastenings thereto as the
statute required, for, if there had been, it is not likely
that the plaintiff's horses would have escaped. It was
not shown that plaintiff's horses were breachy. It is
probable that during the night they collected about the
gate and exerted some force against it, whereby the
wire fastening gave way and it swung open. We think
the facts and circumstances disclosed by the evidence
were sufficient to justify the inference by the jury that
the plaintiff's horses escaped through the defendant's
gate and that they would not have done so, had it not
been for the failure of the defendant to maintain such
gate in the condition required by the statute. Indeed,
there is but one conclusion to be drawn from the evi-
dence, and that is that the gate got open for want of
sufficient fastening.

The defendant further contends that double dam-
ages are not allowed by the statute, where an injury
results to stock from a failure on the part of a railway
company to construct or maintain a gate. This con-
tention can not be upheld. The statute requires rail-
road companies to maintain fences with openings and
gates therein. These gates are part of the fences.
The duty enjoined upon said railroad companies by
the statute to keep their fences in repair, necessarily
includes the gates which are a part thereof; and when
an injury results to stock from a failure to maintain
such gates, the damages recoverable for such injury
are double. *Woods v. Railroad*, 51 Mo. App. 500.

The instruction given at the request of the plain-
tiff, with those given for the defendant by the court on
its own motion, fairly presented the law applicable
to the case. The defendant objects, however, that the
plaintiff's instruction was erroneous in that it assumed

that the *crossing* was a *necessary crossing*. It does not submit the question of the necessity of the crossing to the jury. Such a question is a mixed question of law and fact, and was not to be arbitrarily determined by the jury. It would have been error to submit the question to the jury without proper guiding instructions as to whether such farm crossing was necessary or not. *Miller v. Railroad*, 56 Mo. App. 72.

But in this case, the undisputed evidence shows that the crossing was constructed by the defendant many years before the date of the injury complained of and that the defendant had assumed the duty of maintaining the gate thereat, through which plaintiff's horses escaped; so that there was no issue of fact as to whether the crossing was a necessary one or not, for the jury to determine. It did not lie in the mouth of the defendant to put in issue, as it did not, the necessity of the crossing. Besides this, the instructions asked by the defendant omitted any reference to the question of the necessity of the crossing. Under the evidence the court properly omitted, in its instructions, any reference to that question. If, however, the instruction did assume the fact that the crossing was a necessary one, it was not erroneous for that reason, since such fact was uncontroverted by the evidence. *Houghland v. Dent*, 52 Mo. App. 237; *Keyes v. Bank*, 52 Mo. App. 323. And, besides, it is not perceived that the defendant suffered the slightest harm on account of the defect, if such it was, in the plaintiff's instruction.

There are some other minor objections suggested by defendant's counsel to the plaintiff's instruction, but these seem entirely destitute of merit and so need not be further noticed.

The judgment must be affirmed. All concur.