Hillsborough, ⎱
  June, 1897. ⎰

### HANSON *v.* HEARD, *Receiver.*

In an action against a bank to recover money collected by and deposited with its cashier, it is not incumbent upon the plaintiff to show an express authority from the bank to the cashier to make such collections or receive such deposits.

The unauthorized promise of a cashier to pay a usurious rate of interest upon deposits does not relieve the bank from the obligation to refund to the depositor the money actually received.

The holder of a personal receipt for money deposited may show that it was intended and understood to have been given by the maker in his capacity as a bank cashier.

A bank is liable to a depositor for money received by its cashier and subsequently misappropriated by him.

ASSUMPSIT, against the receiver of the National Bank of the Commonwealth, for money had and received by the bank. On a trial by jury, the defendant's motions for a nonsuit and for the direction of a verdict in his favor were denied, subject to exception.

The cashier of the bank collected of a Minnesota savings bank a sum of money due to the plaintiff and received from her other sums, upon all of which he promised to pay interest at the rate of eight per cent per annum. He gave receipts for the money, one of which bore his signature as cashier, and the others, his signature without addition. He did not credit the money to the plaintiff upon the bank's books, but credited it to his own account, and subsequently withdrew it and absconded. The evi-

dence was conflicting on the question whether, in his dealings with the plaintiff, he acted in his private or in his representative capacity. The only evidence of his authority to act for the bank was the fact that he was its cashier.

*David A. Taggart* and *Elijah M. Topliff*, for the plaintiff.

*Oliver E. Branch*, for the defendant.

CHASE, J. It was not necessary for the plaintiff to show express authority from the bank to its cashier to receive in its behalf the savings-bank book for collection and the deposits of money. The cashier, as one of the executive officers of the bank, *prima facie*, had authority to solicit and do such business and to bind the bank to the extent, at least, of the obligations ordinarily pertaining to the business. *Eastman* v. *Bank*, 1 N. H. 23, 26; *Corser* v. *Paul*, 41 N. H. 24; *Bank* v. *Haskell*, 51 N. H. 116; *Hunter* v. *Railroad*, 116 N. Y. 615, 621; 1 Morse Bk. 156, *et seq.* The cashier of a national bank stands no differently in this respect from the cashiers of other banks of discount. National banks, being authorized to carry on the business of banking, have authority to collect notes, checks, bills of exchange, and other evidences of debt, for other persons, as an incident of the business, although the authority is not expressly mentioned in the national bank act. *Yerkes* v. *Bank*, 69 N. Y. 382, 386; *Keyes* v. *Bank*, 52 Mo. App. 323; *Logan County Bank* v. *Townsend*, 139 U. S. 67, 73.

But it cannot be assumed that the cashier had the bank's authority to promise interest at the usurious rate of eight per cent. This promise, although unauthorized and illegal, would not relieve the bank from the obligation to return to the plaintiff the money it actually received. *L'Herbette* v. *Bank*, 162 Mass. 137. It is no ground for sustaining the defendant's motions. The question as to the amount of the plaintiff's damages is not raised by the case.

The fact that some of the receipts given by the cashier to the plaintiff appeared upon their face to be his personal receipts did not preclude the plaintiff from showing that they were intended by him and understood by her to be receipts in his capacity as cashier of the bank. *Van Leuwen* v. *Bank*, 54 N. Y. 671; *Pierson* v. *Bank*, 77 N. Y. 304, 310.

The defendant contends that the cashier's acts, having been done in the pursuit of an independent, fraudulent scheme for his own benefit and without the knowledge of the bank, the bank is not liable, although the acts were done in his capacity as cashier. The bank's promise, not the cashier's fraud, is the foundation of the plaintiff's action. The cashier's independent

fraud did not affect this promise. When the plaintiff's money went into the cashier's possession, it was in the bank's possession and was its money. If it was lost afterward through carelessness, larceny, or other means, it was the bank's loss. *L'Herbette* v. *Bank*, 162 Mass. 137, 139.

A review of the testimony shows that there was evidence upon which the jury might properly find for the plaintiff.

*Exceptions overruled.*

WALLACE, J., did not sit : the others concurred.