HENRY ROWEN, Respondent, v. THE CHICAGO
GREAT WESTERN RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, December 4, 1899.**

1. **Railroads:** KILLING STOCK: SUFFICIENCY OF PETITION:
AIDER BY ANSWER. A complaint for killing plaintiff's stock
through failure to fence is set out in the petition and held sufficient
and that whatever defects, if any, it possessed were cured by the
answer.

2. ——: ——: FARM CROSSING: INSTRUCTIONS. It is error
to submit to the jury the question whether or not a farm crossing
is a necessity without a guiding instruction telling the jury what
facts make such crossing a necessity.

3. ——: ——: HANGING GATES: CAUSAL CONNECTION: IN-
STRUCTION. Though a gate in a railroad fence does not meet the
requirements of the statute, yet there must be a causal connection
between the defect and the injury to make the railroad liable, and
an instruction set out in the opinion is held properly refused because
it fails to call the attention of the jury to such connection.

Appeal from the Worth Circuit Court.— *Hon. P. C. Stepp,*
Judge.

REVERSED AND REMANDED.

*Kelso, Schooler & Kelso* for appellant.

(1) The court erred in overruling defendant's objections
to the introduction of any evidence under the petition for the
reason that it failed to state any cause of action and will not
support the judgment. Morrow v. Railroad, 74 Mo. 82; Luckie
v. Railroad, 67 Mo. 245; Johnson v. Railway, 76 Mo. 553;
Cecil v. Railroad, 47 Mo. 246, 247; Cunningham v. Railroad,
70 Mo. 202; Gilbert v. Railroad, 23 Mo. App. 65; Seibert v.
Railroad, 72 Mo. 566. (2) The court erred in giving in-

struction number one for the plaintiff. Miller v. Railroad, 56 Mo. App. 72-78; Klamp v. Rodewalt, 19 Mo. 449. The issues can not be changed by instruction. Glass v. Gelvin, 80 Mo. 297-302. (3) The court erred in refusing to give instructions numbered 1, 2, 4 and 6, and each of them offered by the defendant. Harrington v. Railroad, 71 Mo. 384; Fitterling v. Railroad, 79 Mo. 504; Ridenore v. Railroad, 81 Mo. 227; Nicholson v. Railroad, 55 Mo. App. 593; Binicker v. Railroad, 83 Mo. 660.

*Lingenfelter & Hudson* for respondent.

(1) The petition is sufficient. It contains all the necessary allegations to state a cause of action under section 2611, Revised Statutes 1889, and has been repeatedly upheld by the courts of this state. Edwards v. Railroad, 74 Mo. 117; Perriquez v. Railroad, 78 Mo. 92; Campbell v. Railroad, 78 Mo. 639; Kronski v. Railroad, 77 Mo. 362; Bowen v. Railroad, 75 Mo. 426; Marrett v. Railroad, 84 Mo. 413. (2) The statute says that such gates must be hung and have latches or hooks so that they may be easily opened and shut. If it had been maintained in the condition required by law, "hung" so that it could be easily opened and shut, it is only fair to presume that anyone passing through it would have shut it, but by reason of its defective condition the labor and difficulty attended the opening and shutting were such that it was likely to be left open by persons having no interest in the premises. Morrison v. Railroad, 27 Mo. App. 418; Duncan v. Railroad, 91 Mo. 67; Kavanaugh v. Railroad, 75 Mo. App. 78. (3) The court did not err in refusing defendant's instructions numbered 1, 2, 4 and 6. This is unlike the case of Fitterling v. Railroad, 79 Mo. 504, cited by appellant. In that case whatever defect there was in the gate was not discovered until after the accident. Binicker v. Railroad, 83 Mo. 660. (4) The defect in this case was coexistent with its construction and no-

tice was not required. McMillan v. Railway, 70 Mo. App. 568; Duncan v. Railway, 91 Mo. 67; Miller v. Railroad, 56 Mo. App. 72.

SMITH, P. J.—The statute (section 2611, Revised Statutes), provides that, "Every railroad corporation formed or to be formed in this state, * * * or any railroad corporation running or operating any railroad in this state, shall erect and maintain lawful fences on the sides of the road where the same passes through, along or adjoining inclosed or cultivated fields or uninclosed lands, with openings and gates therein, to be hung and have latches or hooks, so that they may be easily opened and shut, at all necessary farm crossings of the road, for the use of the proprietors or owners of the land adjoining such railroad, * * *; and until openings, gates, etc., * * * as aforesaid shall be made and maintained such corporation shall be liable in double the amount of all damages which shall be done by its agents, engines or cars to horses, cattle, mules or other animals on said road, * * *."

It is alleged in the plaintiff's petition that the defendant, while running a locomotive and train of cars over its said railroad, and through, along and adjoining the inclosed and cultivated fields of plaintiff, struck and killed, of the property of the plaintiff, one black horse five years old, of the value of sixty-five dollars; one bay mare four years old, of the value of sixty-five dollars; one bay horse four years old, of the value of fifty dollars; one bay horse three years old, of the value of forty-five dollars; that said horses went upon said road where it passes through plaintiff's inclosed and cultivated fields where there was no public crossing and not within the limits of any incorporated town or city. Plaintiff further states that the defendant failed to erect and maintain lawful fences and gates along and adjoining the inclosed and cultivated fields of plaintiff, at the necessary farm crossings, and at the points where

said animals came upon said road and were killed; and also failed to construct and maintain sufficient cattle guards at the public crossings near where said horses were killed, so as to prevent horses from getting on the track of said road, and that by reason of the willful and negligent acts of the defendant in not erecting and maintaining lawful fences, gates and cattle guards and by killing plaintiff's stock as aforesaid, the plaintiff is damaged in the sum of $225; that the defendant is liable under the laws of the state to pay the plaintiff double the amount of damages so done, to wit, in the sum of $450.

It is thus seen that it is in substance alleged that the injuries complained of were occasioned by reason of the failure of the defendant to erect and maintain lawful fences on the sides of its road where the same passes through the inclosed fields of the plaintiff. We think the petition is sufficient and that the demurrer thereto was properly overruled. Edwards v. Railway, 74 Mo. 117; Bowen v. Railway, 75 Mo. 426; Kronski v. Railway, 77 Mo. 362; Campbell v. Railway, 78 Mo. 639; Perriquez v. Railway, 78 Mo. 92; Marrett v. Railway, 84 Mo. 413. But if the plaintiff's petition were in anywise defective in its allegation of the facts necessary to constitute a cause of action under the statute just quoted, it is sufficiently aided by the allegations of the defendant's answer to support the judgment.

The defendant further objects that the first instruction given for plaintiff which submitted to the jury, without a further guiding instruction, the question, whether or not the farm crossing in question was necessary, was improper and should have been refused. It is now very well settled that in actions of this kind it is error to submit to the jury the question, whether or not the farm crossing is a necessity. Such a question is a mixed question of law and fact, and is not to be arbitrarily determined by the jury. Where a railroad company is bound by contract to maintain a crossing, or where a railroad divides a farm so as to preclude as convenient an access

to the several parts thereof as would be furnished by a crossing, or where its railroad cuts in twain a way of necessity, or the easement of a private way existing anterior to its construction, the necessity mentioned in the statute arises, and if a crossing can be conveniently constructed the railroad company is under obligation to construct it.   If the jury had been further told by a proper instruction that, if they found from the evidence that any of the conditions just referred to existed that then the farm crossing, where the gate through which the plaintiff's horses escaped, was a necessity.   The error of the court in submitting the question of the necessity of the crossing to the jury without any proper guidance must be held fatal to the judgment.   Miller v. Railway, 56 Mo. App. 72; Freet v. Railway, 63 Mo. App. 548; Kavanaugh v. Railway, 75 Mo. App. 78.

The defendant further objects that the court erred in refusing its fourth instruction which was to the effect that, even though the gate in question may not have been hung on hinges or fastened with a hook or latch, yet if when properly closed it was so constructed as to be a section or panel of the fence inclosing defendant's road, and that it was a lawful fence and equally as well calculated to keep stock off of the track as one hung with hinges and fastened with a hook or latch, your verdict must be for the defendant, unless you further find it was opened through the negligence of the defendant.   The evidence discloses that defendant had a lawful fence along the sides of its road and a gate so constructed as to constitute a panel therein when closed.   The gate was not hung on hinges or fastened with a latch or hook, but was a sliding one and could not be opened without first lifting up the end by which it could be fastened by inserting it between the two posts and then sliding it back on a slat nailed across a double post.   It was clumsy and heavy, weighing about five hundred pounds. It was not so easy to open and shut as that required by the statute.   The mere fact that the gate was not statutory can avail plaintiff nothing, unless there is shown some causal con-

nection between it and the injury or, in other words, unless the defendant's failure in respect to providing the gate with a latch or hook, so that it could be easily opened or shut, was the proximate cause of the injury, there is no liability. Harrington v. Railway, 71 Mo. 384.

The defendant's said instruction would have been well enough had it gone further and told the jury, by way of qualification, that unless they found that the injury would not have happened but for the failure of the defendant to cause said gate to be hung and have a latch or hook, so that it could have been easily opened and shut, or unless they found that it would not have been either opened or left open but for such failure of the defendant. The instruction as given practically left out of consideration the conceded fact that the gate was not hung so as to be easily opened and shut, and was not provided with a latch or hook. The jury might have inferred that the gate would not have been opened, had it been provided with a latch or hook, or that if opened by a stranger that he would have shut it had it been hung so as to easily closed.

The court did not err in refusing the defendant's instruction in the nature of a demurrer to the evidence. There was some evidence, though by no means very strong or convincing, that the gate was opened by the plaintiff's horses. It was sufficient, under the practice prevailing in the appellate courts of this state, to entitle the plaintiff to a submission of the case to the jury.

Because of the erroneous action of the court in giving the plaintiff's first instruction the judgment must be reversed and cause remanded. All concur.