## W. A. CLEM, Respondent, v. QUINCY, OMAHA & KANSAS CITY RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, June 18, 1906.

1. **RAILROADS: Killing Stock: Pleading: Legal Conclusion: Verdict.** After a verdict the petition should not be most strictly construed against the pleader but should be construed liberally with a view to substantial justice; and an averment that the defendant failed, etc., to keep and maintain lawful fences and construct and maintain cattle guards though a mere legal conclusion is a sufficient allegation to support verdict.

2. ——: ——: **Lawful Fences: Instruction: Law and Fact.** The only function of a jury is to decide issues of fact and it is an error to submit questions of law or mixed questions of law and fact such as leaving the jury to determine what is a lawful fence without an accompanying definition.

3. ——: ——: ——: ——: ——: **Harmless Error.** Though an instruction was erroneous in leaving to the jury a question of law as to what is a lawful fence it is held harmless since the question was not at issue in the trial and the fact that the animals may have reached the public road through the carelessness of the plaintiff can constitute no defense to their reaching the track of the defendant by defective cattle guards.

Appeal from Sullivan Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*J. G. Trimble* and *Wilson & Clapp* for appellant.

(1)   The first count of the petition does not state facts sufficient to constitute a cause of action.   It nowhere states in what manner the fences and cattle guards were defective.   It merely alleges that the company failed to keep and maintain lawful fences and cattle guards. This is the statement of a legal conclusion

and does not help the petition. Pattison's Mo. Code Plead., secs. 34, 108, 109, 131, 144; Pomeroy's Rem. and Rem. Rights, sec. 529; Bank v. Mulhall, 8 Mo. App. 558; Hart v. Wire Co., 91 Mo. 414. (2) Wherever a general demurrer to a petition would be well taken a motion in arrest of judgment is equally available. Hart v. Wire Co., 91 Mo. 414. (3) The giving of plaintiff's instruction numbered 1 was reversible error. To submit to a jury questions of law or mixed questions of law and fact for their determination is error. This instruction left the jury to find that there was a failure to keep and maintain "lawful" fences and cattle guards, without calling their attention to what constituted a "lawful" fence or cattle guard. Fugate v. Carter, 6 Mo. 267; Hickey v. Ryan, 15 Mo. 63; Turner v. Railroad, 76 Mo. 261; Carroll v. Campbell, 110 Mo. 557; Estes v. Fry, 22 Mo. App. 80; Boot & Shoe Co. v. Bain, 46 Mo. App. 581; Lesser v. Railway, 85 Mo. App. 326; Jones v. Railway, 59 Mo. App. 137.

*Wattenbarger & Bingham* and *R. E. Ash* for respondent.

(1) The rule that a pleading will be construed most strongly against the pleader, will not be applied in the appellate court when the supposed defect was not called to the attention of the trial court. Vivian v. Robertson, 176 Mo. 223. (2) Defendant's instruction in the nature of a demurrer to the evidence admitted all the facts the evidence tended to prove. Montgomery v. Railroad, 181 Mo. 477. (3) The petition stated a good cause of action and plead every fact necessary, and would at all events be good after verdict. Marshall v. Furgeson, 78 Mo. App. 645; Young v. Sickle, 103 Mo. 324; Maugh v. Hornbeck, 98 Mo. App. 392; Andrew v. Lynch, 27 Mo. 169. (4) This instruction covered the law of the case and is similar to the instruction given in Kavanaugh v. Railroad, 75 Mo. App. 78; Colyer v.

Railroad, 93 Mo. App. 152. (5) Appellant must stand or fall on its demurrer to the evidence. Wheeler v. Bowles, 163 Mo. 398; Cornwell v. Transit Co., 106 Mo. App. 140; Bank v. Ragsdale, 171 Mo. 168.

JOHNSON, J.—In the first count of the petition plaintiff seeks to recover double damages under the provisions of section 1105, Revised Statutes 1899, for the killing of two horses by defendant. He had judgment on this count in the sum of $470, double the amount of the verdict returned, and defendant appealed. In addition plaintiff had judgment on the causes of action pleaded in the remaining two counts of the petition, but defendant does not claim that error was committed in the trial of either of them and our inquiry will be confined to the cause pleaded in the first count.

First, it is insisted by defendant that no cause of action is pleaded. The allegations criticised are as follows: "Plaintiff further states that on said 28th day of November, 1903, defendant failed, neglected and refused to keep and maintain lawful fences along the sides of its railroad track and to construct and maintain cattle guards, as required by law, where said road passes through over and across the farm and cultivated fields of plaintiff. That by reason of defendant's failure and neglect to keep and maintain proper and lawful fences along the sides of its said track and to construct and maintain cattle guards as provided by law inclosing its railroad on plaintiff's farm, the horses aforesaid, owned by plaintiff and by him kept on said farm, without the fault or procurement of plaintiff went upon defendant's railroad and upon the track thereof through and over said defective fences and cattle guards where said railroad passes through plaintiff's farm, in Sullivan county, Missouri, at a point where defendant was by law required to erect and maintain good and lawful fences along the sides of its said railroad and to construct and maintain cattle guards, and not at the crossing of any

public highway or other road and not within the limits
of any incorporated town or city."

No attack was made on this pleading by demurrer
or motion, but defendant answered to the merits. At
the trial defendant made the general objection that this
count of the petition fails to state a cause of action,
but did not state the ground of the objection. In the
motion in arrest the objection was renewed. It is sup-
ported here by the argument that the pleader should
have stated in what manner the fences and cattle
guards were defective and that the omission of such
averment is not supplied by the statement that defend-
ant "failed, etc., to keep and maintain lawful fences . . .
and to construct and maintain cattle guards as required
by law," since such statement embraces nothing more
than a mere legal conclusion.

We have noted the fact that the attention of the
trial court was not called to this supposed defect until
after verdict. In this state of the case the defect, if
one exists, will be deemed to have been cured by verdict.
The rule is well settled that "after verdict the petition
should not be most strictly construed against the
pleader, but should be construed liberally with a view
to substantial justice." [Saxton v. Railroad, 98 Mo.
App. 494; Munchow v. Munchow, 96 Mo. App. 553;
Vivian v. Robertson, 176 Mo. 219.] It cannot be denied
that defendant was notified by the averments under con-
sideration to meet the charge of a breach of the duty im-
posed on it by the provisions of Revised Statutes 1899,
section 1105 to erect and maintain on the land in ques-
tion fences and cattle guards of the standard fixed by
law (Revised Statutes 1899, sec. 3294, King v. Railway,
79 Mo. 328) ; and this being true, a fair and liberal con-
struction of the petition necessitates the inference that
the existence of the essential fact was sufficiently alleged
to support a verdict.

The court at the request of plaintiff gave the follow-
ing instruction: "The court instructs the jury that if

they find and believe from the evidence that plaintiff was on the 28th day of November, 1903, the owner of the farm described in his petition and that defendant company on said day owned and operated a railroad through, over and across said farm and the inclosed and cultivated fields thereof in Duncan township, Sullivan county, Missouri, and that plaintiff was on said date the owner of the two horses mentioned in said petition, and that said horses were kept in the inclosed fields of plaintiff, through, over and across which defendant's railroad passes, and that said railroad was not inclosed by lawful fences on both sides thereof, and that by reason of such failure to keep and maintain good and lawful fences and cattle guards along its said right of way, plaintiff's said horses escaped from the pasture or the inclosed and cultivated fields as aforesaid, and came upon defendant's railroad, without the fault or procurement of defendant, in Duncan township, Sullivan county, Missouri, by reason of the failure and neglect of defendant company to keep and maintain good and lawful fences and cattle guards along the sides of its said railroad at the place where said horses came upon the said railroad as required by law; if you find said horses did come thereon, and that said horses were struck and killed by defendant's engine and cars while being run and operated by defendant's agents, servants and employees by reason thereof, then your verdict will be for plaintiff on the first count of his petition for such sum as you may believe said horses were reasonably worth, not to exceed the sum of two hundred and fifty dollars."

In thus submitting to the jury the question of whether or not defendant maintained lawful fences and cattle guards along its right of way without defining the term, the court permitted the jury to determine the law as well as the fact involved in that issue. This was error. The only function the jury has is to decide issues of fact and it is error to submit to that body questions of

law or mixed questions of law and fact.   [Fugate v.
Carter, 6 Mo. 267; Hickey v. Ryan, 15 Mo. 63; Turner
v. Railroad, 76 Mo. 261; Carroll v. Campbell, 110 Mo.
557; Estes v. Fry, 22 Mo. App. 80; Boot & Shoe Co. v.
Bain, 46 Mo. App. 581.]

But plaintiff contends the error should be regarded
as harmless for the reason that the uncontradicted evi-
dence shows that the fences and cattle guards main-
tained by defendant along its right of way through the
field where plaintiff kept his stock were not lawful
fences and cattle guards and therefore the court would
have been justified in withdrawing that fact from the
issues submitted to the jury.   The fact that the animals
were killed by one of defendant's trains at a place on
the road where it runs through plaintiff's farm is con-
ceded.   Plaintiff and his witnesses testified that for some
twelve months before the occurrence a gap several yards
wide existed in the right of way fences, that permitted
the passage of stock in the adjoining fields of plaintiff
to and across defendant's right of way.   At another
place, the fences were partially down and stock could
cross over at that place.   A public wagon road bisected
plaintiff's farm and crossed the railroad at a right angle
and it was shown that the cattle guards maintained
by defendant at this crossing were so out of repair that
they were insufficient to turn stock.   All these facts are
in effect conceded by defendant and the only controverted
fact on this branch of the case is whether the animals
entered the right of way through the opened gap in the
fence or passed from the adjoining field of plaintiff to
the wagon road through a gate, travelled on this road
to the railroad and then entered the right of way over
the cattle guard.   The facts adduced by plaintiff strongly
tend to show that the right of way was reached through
the opening in the fence, while defendant attempted to
show that it was entered by way of the public road and
cattle guard.   In either case, we do not perceive how
defendant may expect to escape liability under the con-

ceded facts. The statute (Revised Statutes 1899, sec. 1105), imposed on it the duty to maintain cattle guards "sufficient to prevent horses, etc., from getting on the railroad." This duty according to all the evidence it did not perform. Conceding that the animals may have reached the wagon road through the carelessness of plaintiff or his servant in leaving open or unfastened the gate in the fence that separated his field from the wagon road, such fact would not affect the liability of defendant for damages sustained in consequence of the animals reaching its track by way of the defective cattle guards. It follows that the error in the instruction could not have been prejudicial and the judgment accordingly is affirmed. All concur.