_HENRY T. PEERY, Defendant in error, v. QUINCY, OMAHA & KANSAS CITY RAILROAD COMPANY, Plaintiff in error._

### Kansas City Court of Appeals, November 19, 1906.

1. **RAILROADS: Killing Stock: Amended Statement: Departure: Fence.** A petition in an action _ex delicto_ should not be amended so as to substitute or add a new cause of action; and a petition for failure to maintain a lawful fence is held properly amended by adding a count charging an unlawful gate.

2. ——: ——: ——: ——: **Gate.** Where the allegation is the failure to maintain a lawful fence it cannot be amended by charging the failure to keep a lawful gate closed since that would be departure but where the averment as to the gate being opened tends simply to show the insufficient fence, there is no departure.

3. . ——: ——: **Fence: Evidence: Scienter.** The railroad company would not be liable where a trespasser has torn down its fence and an animal entered by reason thereof unless it had knowledge, actual or constructive, of the defect in the fence for sufficient time to have repaired the same before the entry of the animal.

4. ——: ——: ——: **Non-Adjoining Proprietor.** The railroad company is required to fence its right of way primarily for the benefit of the adjoining proprietor who may waive the benefit for himself but not for the secondary purpose of the statute, to-wit, the benefit of other stock owners; and so where stock wanders upon the adjoining proprietor's premises by reason of an unlawful fence and thence to the right of way for similar reason, the railroad will still be liable for injury thereto.

5. ——: ——: **Farm Crossing: Instructions: Evidence.** Under the evidence in the cause it is held to have been no error not to submit to the jury the necessity of a farm crossing at the place where plaintiff's animal strayed upon the defendant's track since such fact seems to have been assumed by both parties throughout the trial.

Appeal from Grundy Circuit Court.—*Hon. Geo. W. Wannemaker,* Judge.

AFFIRMED.

*J. G. Trimble* and *Hall & Hall* for plaintiff in error.

(1)   The trial court erred in overruling defendant's motion to strike out the amended statement.   The second count of the statement contained a new and entirely different cause of action than the one the case was tried on in the justice's court, and the case was tried on one cause of action in the justice's court and a different one in the circuit court.   R. S. 1899, secs. 4077, 4079; Rippe v. Railroad, 71 Mo. App. 557, 154 Mo. 358; Gurley v. Railroad, 93 Mo. 445; Jackson v. Fulton, 87 Mo. App. 238; Gregory v. Railroad, 20 Mo. App. 448; Evans v. Railroad, 67 Mo. App. 255; Sturges v. Botts, 24 Mo. App. 282.   (2)   The damages sued for constituted but a single cause of action and should have been sued for in one count instead of two.   Stickford v. St. Louis, 7 Mo. App. 217; Lamb v. Railroad, 33 Mo. App. 489; Binicker v. Railroad, 83 Mo. 660; Sims v. Railroad, 83 Mo. App. 250.   (3)   The court erred in overruling defendant's instructions in the nature of a demurrer to the evidence, especially the one offered at the close of all the evidence. The plaintiff was not the owner or proprietor of the joining lands.   Section 1105, Revised Statutes 1899, was intended for the benefit of the adjoining owners or proprietor and not for the benefit of owners of trespassing animals.   Carpenter v. Railroad, 25 Mo. App. 110; Berry v. Railroad, 65 Mo. 172; Harrington v. Railroad, 71 Mo. 384; Johnson v. Railroad, 80 Mo. 620; Peddicord v. Railroad, 85 Mo. 162; Geiser v. Railroad, 61 Mo. App. 459; Bank v. Railroad, 109 Mo. App. 165; Phillips v. Railroad, 107 Mo. App. 203.   (4)   The uncontradicted evidence is that the employees of the defendant had repaired and closed the gate and the fence almost daily

for quite a while before the accident, had reset the post, repaired the fence and closed the gate two days before, and again the day before the accident. The defendant was not liable for the killing of the heifer which came upon the tracks through the gate that had been left open by some one else, without the knowledge or consent of the defendant. Harrington v. Railroad, 71 Mo. 384; Binicker v. Railroad, 83 Mo. 660; Ridenore v. Railroad, 81 Mo. 231; Railroad v. Kavanaugh, 163 Mo. 54; Morrison v. Railroad, 27 Mo. App. 431; Bumpas v. Railroad, 103 Mo. App. 207. (5) Defendant's section men had reset the post, repaired the fence and shut and fastened the gate the day before the injury, and there is no evidence that defendant, or its employees, had any notice that the post had been again removed and the gate opened, and left open and no recovery can be had in this case without showing that defendant had such notice. Fitterling v. Railroad, 79 Mo. 508; Morris v. Railroad, 79 Mo. 367; Clardy v. Railroad, 73 Mo. 578; Case v. Railroad, 75 Mo. 668; Laney v. Railroad, 83 Mo. 466. (6) Plaintiff's instructions 1 and 2 are erroneous for they declare that it was the absolute duty of defendant to erect and maintain the gate in question, while section 1105 only required defendant to erect gates at necessary farm crossings. The question ought to have been submitted to the jury whether the crossing was necessary or not, by instructions properly stating the conditions which made a crossing necessary and requiring the jury to find from the evidence that such conditions existed in this case. This error is fatal and the judgment should be reversed for this reason. Miller v. Railroad, 56 Mo. App. 78; Stumpe v. Railroad, 61 Mo. App. 357; Rowen v. Railroad, 82 Mo. App. 24; Birlew v. Railroad, 104 Mo. App. 565.

*Hugh C. Smith* for defendant in error.

(1) The action of the trial court in refusing to strike out the amended statement was proper. Walker

v. Railroad, 193 Mo. 458, 478; Woods v. Railway, 51 Mo. App. 503; Duncan v. Railway, 91 Mo. 67; Stonebraker v. Railroad, 110 Mo. App. 497; Ray v. Railroad, 25 Mo. App. 430; Wood v. Railroad, 51 Mo. App. 502; Morrison v. Railroad, 27 Mo. App. 430; Burnham & Co. v. Tillery, 85 Mo. App. 457; Liese v. Meyer, 143 Mo. 556; Hall & Robinson v. Railway, 80 Mo. App. 466; Rippe v. Railroad, 154 Mo. 364; Greene v. Railway, 60 Mo. App. 314; R. S. 1899, sec. 4079; Herman v. Fanning, 33 Mo. App. 53. (2) Plaintiff's practice in so stating his cause of action was not only permissible but entirely proper. Hess v. Gansz, 90 Mo. App. 442; Zellars v. Light Co., 92 Mo. App. 114; Litton v. Railroad, 111 Mo. App. 149; Jones v. Murray, 167 Mo. 47; Chemical Co. v. Lackawanna Line, 78 Mo. App. 309; Mfg. Co. v. Dawson, 77 Mo. App. 127; Cofer v. Riseling, 153 Mo. 636; Davis v. Boyce, 73 Mo. App. 564; Hansard v. Clothing Co., 73 Mo. App. 587; Hurly v. Railway, 57 Mo. App. 680. (3) Plaintiff simply stated his cause of action in different ways to meet the proof; there was no attempt to seek more than one recovery, and only one recovery was had. However this point is raised too late—no such proposition was called to the attention of the trial court, by motion for new trial or otherwise and it cannot be reviewed here. R. S. 1899, sec. 864; Taylor v. Brotherhood of Trainmen, 106 Mo. App. 214; Merton v. J. I. Case Co., 90 Mo. App. 635. (4) The court did not err in overruling defendant's instructions in the nature of demurrers to the evidence. Colyer v. Railroad, 93 Mo. App. 153; Phillips v. Railway, 107 Mo. App. 206; Dean v. Railway, 54 Mo. App. 647; Bank v. Railway, 109 Mo. App. 167; Oyler v. Railroad, 113 Mo. App. 381; Rinehart v. Railroad, 80 S. W. 910; Reed v. Railroad, 112 Mo. App. 583; Litton v. Railroad, 111 Mo. App. 143; Seidel v. Railroad, 109 Mo. App. 160; Emmerson v. Railroad, 35 Mo. App. 629. (5) The evidence of plaintiff if believed by the jury, and the question of the weight

and credibility of the testimony was for it, showed that the fence clear across Bartlett's field where it adjoined defendant's tracks was in bad shape, that there was no post to shut the gate against, that it was open and could not be closed, that one hinge on the gate was broken, that it was not provided with any fastenings.

JOHNSON, J.—Action begun in a justice court to recover double damages under section 1105, Revised Statutes 1899, for the killing of a heifer. A trial in the circuit court resulted in a verdict for plaintiff in the sum of $22.50; judgment was entered for double that amount and defendant brought the case here on a writ of error.

In the statement filed when the action was brought, the cause of action pleaded is the act of defendant described in the following averment: "That defendant on said 30th day of May, 1904 (the date the animal was killed), and for a long time prior thereto, failed and neglected to keep and maintain a lawful fence on the sides of its track, but suffered the fence on the south side of the track at the point where said heifer got upon the track and was killed, as aforesaid, to be and remain down and out of repair so that at the time when said heifer went upon said railroad track there was not at said point a lawful fence enclosing said track," etc.

After the case reached the circuit court, plaintiff filed an amended petition containing two counts. In the first, the facts alleged were a repetition of those alleged in the original statement. In the second, it was averred that defendant maintained a gate in the fence on the south side of its right of way and the negligence charged is that defendant "negligently and carelessly suffered and permitted said gate . . . to remain open, unhung, out of repair, without hooks or latches, open and in such condition that it could not be easily opened and shut and failed to keep and maintain posts to which

said gate could be hung or fastened, latched or hooked, and the fence on each side of said gate to be and remain down and out of repair" and it is alleged that the heifer entered the right of way through the opening in the fence caused by the condition of ill repair, in which the gate and adjacent fence were suffered to remain, and by defendant's failure to keep the gate closed.

Defendant then filed a motion to strike out the amended petition on the grounds that it contained a cause of action not embraced in the original statement and that the new cause pleaded was a departure from that on which the case was tried in the justice court. This motion was overruled and defendant answered and went to trial. Defendant complains of the overruling of the motion as an error committed against it. Satisfied with the propriety of the ruling of the learned trial judge, we will dispose of the subject of this assignment on its merits.

In actions *ex delicto,* the wrongful act of which complaint is made is the cause of action and we readily concede an amendment of the petition should not be permitted where the effect would be either to substitute as the cause of action a wrongful act different from that alleged in the original petition or to inject such wrong into the case as an additional cause. [Knight v. Railroad, 120 Mo. App. 311, 96 S. W. 716.] But we do not discover such result in the amendment made by plaintiff in the present case. The same wrong is the subject of each count and the damage alleged to have been suffered is the same in one as in the other. Defendant argues that the negligent failure of the railroad company to maintain a lawful fence along its right of way is a different wrong from that involved in negligently failing to maintain a lawful gate in such fence at a farm crossing. But this is not so. A gate of this character is a part of the fence and proof that the animal destroyed entered the right of way

through an unlawful or defective gate will support an averment of negligence in failing to maintain a lawful fence. [R. S. 1899, sec. 1105; West v. Railroad, 26 Mo. App. 344; Morrison v. Railroad, 27 Mo. App. 418; Woods v. Railroad, 51 Mo. App. 500; Duncan v. Railroad, 91 Mo. 67.]

It is true that the negligent failure of a railroad company to keep a lawful gate closed is an entirely different wrong from that of failing to maintain a lawful gate or fence and, therefore, proof of one of these acts will not support an averment of the other. [Litton v. Railroad, 111 Mo. App. 150; Stonebraker v. Railroad, 110 Mo. App. 497.] And it appears that plaintiff in the amendment charged defendant with negligence in failing to keep the gate closed; but from the context it is plain the pleader asserted this failure as a result of the defective condition of the gate and adjoining fence and not as a wrong done in failing to keep a lawful gate closed. The only wrong charged in the whole amended petition related to the ill repair of the fence maintained by defendant at that place and the new matter pleaded in the second count amounted to nothing more than a particularization of the more general allegations of the original statement.

As the amendment contained no new cause of action, it was proper and it was not error to make it the subject of a separate count. "Under our statute where there is but one cause of action and where only one recovery can be had, the plaintiff may state it in different counts for the purpose of so varying the form of statement as to meet any possible state of proof." [Hess v. Gansz, 90 Mo. App. 439; Brinkeman v. Hunter, 73 Mo. 172; Roberts v. Railway, 43 Mo. App. 287.]

The next error claimed by defendant is the refusal of the trial court to give its instruction in the nature of a demurrer to the evidence. The evidence discloses the following state of facts: The animal entered the right of

way at a place where defendant maintained a gate at a farm crossing on what is called by the witnesses, the Bartlett farm. The railroad runs through the farm from northwest to southeast. There is no contention that the fence and gate when constructed were not lawful, but all of the witnesses agree that at the time of the occurrence the gate was partly down and was open; the post against which it should have been closed was out of position and together with a section of fence was lying on the ground. Through the opening thus made, the heifer reached the railroad track and was killed by a passing train. Plaintiff's witnesses say this condition of the fence and gate had existed for several months without any attempt being made by defendant to repair it, while defendant's witnesses say the section men had repeatedly repaired both fence and gate, the last time being on the day preceding the injury, but the crossing was used by many living in the neighborhood in travelling between their homes and Trenton and some of these persons injured the gate and fence as often as they were repaired in order to keep a way open to travel. Adjoining the Bartlett farm on the south was the Austin farm and it is conceded that the dividing fence between these two farms was not a lawful fence. Plaintiff's farm adjoined the Austin place. The division fence between them was a lawful fence, but the day before the injury a tree had fallen across it and left an opening through which the animal passed to the Austin farm. She travelled to the division fence between the Austin and Bartlett farms, passed through an opening and thence over the Bartlett land to the opening in right of way fence.

Defendant assumes that its account of its fruitless efforts to keep the gate in repair is uncontradicted and therefore should be treated as an established and indisputable fact. We do not view the evidence in this light. There is little room to doubt that some person or persons did pull up the gate post, throw down a section of the

fence and injure the gate, but the facts detailed by plaintiff's witnesses are quite convincing that defendant had suffered the condition produced by this vandalism to remain for months and were sufficient to raise an issue of fact for the determination of the jury. Defendant should not be held to respond in damages for injuries to stock that were the direct and proximate result of the wrongful act of a stranger in making an opening in the right of way fence, but the mere fact that the fence was injured in this manner did not absolve defendant from its statutory duty to maintain a lawful fence and before the killing of the heifer if defendant could have discovered the injury to the fence in the exercise of reasonable care in time to have repaired the damage by the employment of reasonable diligence; its failure to discover the defect and to repair it was negligence and became the direct cause of the damage inflicted. The conflict noted between the witnesses of the contending parties made the issue of defendant's negligence one of fact for the jury and was properly submitted in the instructions given.

Further, it is argued by defendant that the action must fail because the animal was a trespasser on the land adjoining the railroad and the provisions of the statute requiring the fencing of railroad tracks where they run over inclosed fields is for the sole benefit of the proprietors of the adjoining lands. The duty to fence through inclosed lands is for the particular benefit of the adjoining proprietor, but one of the purposes of its imposition is the protection of stock owned by others. The adjoining owner may waive the benefit of the statute for himself, but he cannot waive it for others. The railroad company may delegate to the adjoining owner the performance of its duty to inclose the right of way by statutory fences and this delegated duty may be discharged by the construction of a lawful fence around the land of the adjoining owner, but either the railroad

company or the adjoining owner must interpose the barrier of a lawful fence between the railroad track and the stock of strangers, and the failure to do this will make the railroad company liable for injuries inflicted by its trains on stock that reaches its track by reason of the absence of such lawful fences. [Reed v. Railroad, 112 Mo. App. 575; Oyler v. Railroad, 113 Mo. App. 375; Rinehart v. Railroad, 80 S. W. 910.]

Plaintiff's land not being contiguous to defendant's right of way, it is immaterial how the animal escaped therefrom. Whether such escape was accidental or the result of negligence, plaintiff had a right to the protection of a lawful fence to prevent the straying of his animal to the track. Section 1105 does not qualify the duty of defendant by withholding its benefits from those who may negligently permit the escape of stock from their own premises. [Clem v. Railroad, 119 Mo. App. 245, 96 S. W. 226.] As there was no lawful fence between the Bartlett and Austin lands, defendant was negligent if it failed to exercise reasonable care to maintain a lawful fence inclosing its right of way. The demurrer to the evidence was properly overruled.

Plaintiff's instructions are criticised because they omitted to submit to the jury as an issue of fact the necessity of a farm crossing at the place where defendant maintained it and the following authorities are cited in support of the criticism. [Miller v. Railroad, 56 Mo. App. 72; Stumpe v. Railroad, 61 Mo. App. 357; Rowen v. Railroad, 82 Mo. App. 24; Birlew v. Railroad, 104 Mo. App. 561.] Neither in the evidence nor in the instructions given or asked on behalf of defendant is there any suggestion that the crossing was not a necessary farm crossing. Indeed, the evidence of both parties, particularly that of defendant, indisputably establishes the necessity of a crossing at that place and therefore removes the fact from the field of debatable issues, and the instructions of both parties were predicated on the

existence of the fact. It appearing that there was no ground on which to entertain any question, either of law or fact, the submission to the jury of a theoretical issue would have been erroneous. The functions of the triers of fact are confined to the determination of actual issues of fact.

The judgment is affirmed.