W. T. MURPHY, Respondent, v. ST. LOUIS AND
SOUTHWESTERN RAILROAD COMPANY, Appellant.

Springfield Court of Appeals, July 7, 1910.

1. PLEADING: Railroads: Fences: Negligence: Leaving Gate
   Open. In a suit for double damages for the killing of a steer
   by a railroad train, the petition alleged that the steer strayed
   upon defendant's track by result of failure and neglect of the defendant to erect and maintain good and lawful fences along the
   side of its road, with gates securely hung, with hooks and
   latches and kept shut at all necessary farm crossings. The
   evidence showed that defendant was maintaining a proper fence
   and gate, but that the gate had been left open and plaintiff's
   steer had gone through the gate on to the track. Held, that
   plaintiff could not recover on his petition, that his action, if any,
   was for negligently allowing the gate to remain open and that
   the petition should contain this allegation.

2. INSTRUCTION: Railroads: Fences: Negligently Leaving Gate
   Open. An instruction is erroneous which permits a finding for
   plaintiff in a case where a steer strayed through an open gate
   along the right of way of a railroad, and got upon the track,
   but which failed to submit the question of defendant's negligence in allowing the gate to remain open.

Appeal from New Madrid Circuit Court.—*Hon. Henry
C. Riley,* Judge.

REVERSED AND REMANDED.

*S. H. West, Ralph Wammack* and *A. T. Welborn*
for appellant.

(1) The petition would have had to allege, either
that the gate was opened by defendant, its servants,
agents or employees, that defendant knew it was open
or that it had been open so long that defendant should
have known it was open and should have had it closed.
Litton v. Railroad, 111 Mo. App. 140; Railroad v. Kavanaugh, 163 Mo. 54. (2) The court should have given
defendant's instruction in the nature of a demurrer to
the evidence. Goodrich v. Railroad, 152 Mo. 222. (3)
All the cases hold that the railroad is held to only rea-

sonable diligence in keeping the gates in its right of way closed. Walthers v. Railroad, 78 Mo. 622; Binicker v. Railroad, 83 Mo. 660. (4) Where a single instruction is given, which authorizes a verdict predicated on the facts therein stated to be found, it should embrace all the facts necessary to be found to support a verdict. Russell v. Railroad, 26 Mo. App. 368; Fink v. Phelps, 30 Mo. App. 431; Bank v. Metcalf, 29 Mo. App. 384.

*J. V. Cowan* for respondent.

COX, J.—This is an action for double damages on account of the alleged killing of a steer belonging to plaintiff by defendant near Parma, New Madrid County.

The petition alleges that the steer strayed and went in and upon the railroad track and grounds of defendant by reason of the failure and neglect of defendant to erect and maintain good and lawful fences along the sides of its said road with gates securely hung with hooks and latches and kept shut at all necessary farm crossings and to construct sufficient cattle-guards at the point where the said steer entered upon defendant's said road.

That the defendant, by its engines and car ran upon and against said steer at said point in New Madrid county and killed said steer to plaintiff's damage in the sum of fifty dollars.

Answer was a general denial. At the close of all the evidence defendant offered a demurrer to the testimony which was overruled. Verdict for plaintiff in the sum of fifty dollars which, on motion of plaintiff, was by the court doubled and judgment entered accordingly. Defendant filed a motion for new trial which was overruled by the court and defendant has appealed.

The errors assigned are as follows:

1. The court erred in admitting illegal, incompetent and irrelevant testimony on the part of plaintiff over the exception and objection of defendant.

2. The court erred in overruling defendant's in-

struction in the nature of a demurrer to the testimony.

3. The court erred in giving instruction number one on the part of plaintiff.

The appellant contends that the petition in this case is not sufficient to admit the testimony of the gate being left open and the steer getting upon the right of way of defendant through the open gate. In this contention we think the defendant is right. The statute makes it the duty of the railroad company to fence its right of way and to maintain the fences in good condition, and also to construct gates at proper places and maintain them in good condition, and if the company fails to do this they are made liable for double the value of any stock that may be killed by reason of this neglect, but when they have constructed such fences and gates as the law requires they shall, then the basis of any subsequent liability is that of their negligence in keeping them in proper repair, or in keeping the gates closed. [Walthers v. Missouri Pacific Railway Company, 78 Mo. 617; Goodrich v. Railroad, 152 Mo. 222, 53 S. W. 917; A., T. & S. F. Ry. Co. v. Kavanaugh, 163 Mo. 54, 63 S. W. 374; Litton v. Railroad, 111 Mo. App. 140, 85 S. W. 978; Peery v. Railroad, 122 Mo. App. 177, 99 S. W. 14.]

In this case the evidence shows the steer to have gone upon the track of defendant through a gate that had been left open so that it is clear upon the facts developed in the case that plaintiff's cause of action, if he had one, is based upon the neglect of the defendant in permitting the gate to remain open and to recover upon this cause of action that allegation should have been made in his petition, for it is familiar law that a man cannot plead one cause of action and recover upon another. [Peery v. Railroad, supra.]

The only allegation in this case which could possibly be construed to amount to an allegation of negligence is the following allegation in the petition:

149 App—17

"That said steer strayed and went in upon said railroad, track and grounds by reason of the failure and neglect of the defendant to erect and maintain good and lawful fences along the sides of its said road with gates securely hung with hooks and latches and kept shut at all necessary farm crossings, and to construct sufficient cattle-guards at the point where the said steer entered upon defendant's road as aforesaid."

The only reference to the open gate at all is the general allegation that defendant had failed in its duty to construct the gates with latches and to keep them shut. This we do not think amounts to an allegation that the defendant negligently permitted the gate to remain open and that thereby the plaintiff's steer went upon defendant's track and was killed; hence, our conclusion is, that under the pleading and the evidence in this case, defendant's demurrer to the evidence should have been sustained for the reason that the evidence did not make a prima-facie case under the allegations of the petition. The petition as it stood only went to the fact of the construction and maintenance of the fences and gates and did not go to the question of their negligence in permitting the gate to remain open.

The instruction given on behalf of plaintiff permitted a recovery if the steer strayed through the open gate on to the right of way of defendant, and did not submit to the jury the question of defendant's negligence, nor did it require the jury to find that the steer was killed in order to find for the plaintiff. The failure to require the finding that the steer was killed was purely an oversight and can be corrected upon a retrial of the case.

If plaintiff wishes to recover in this case by reason of the fact that the gate was left open he should amend his petition so as to ground his cause of action upon defendant's negligence in that respect and if the case is to be retried the petition should be amended accordingly.

The judgment will be reversed and the cause remanded. All concur.